IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 1:14-bk-05594-MDF |
| | : | |
| AG AIR, LLC | : | |
| | : | CHAPTER 11 |
| Debtor | : | |

**DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR
TO UTILIZE CASH COLLATERAL**

The Motion of AgAir, LLC ("Debtor"), by and through its attorneys, Cunningham & Chernicoff, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On December 3, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is a Pennsylvania limited liability company which operates a helicopter agricultural spraying business throughout the mid-Atlantic.

3. The Debtor has debt owed to York Traditions Bank (the "Bank") as follows:

    a. A line of credit in the approximate amount of $157,000.00;

    b. A term note in the approximate amount of $470,000.00;

    c. A note secured by specific equipment in the approximate amount of $27,000.00;

    d. A potential obligation for a letter of credit provided to the Debtor in the approximate amount of $70,000.00.

4. The Bank is believed to have a lien on the Debtor's equipment, machinery, accounts, receivables, vehicles, and the proceeds thereof (the "Collateral").

5. The inventory, receivables and cash of the Debtor are believed to be cash collateral ("Cash Collateral") as such is defined in Section 363 of the Bankruptcy Code. Accordingly, the Bank is believed to be secured upon the Debtor's Cash Collateral.

6. The Debtor is believed to have the following pre-Petition assets (the "Assets"):

    a. Inventory having a value of approximately $25,000.00;

    b. Machinery and equipment and office equipment having a book value of approximately $760,000.00;

    c. Cash on hand of approximately $65,000.00; and

    d. Receivables in the approximate amount of $300,000.00.

**THE NEED FOR CASH**

7. The Debtor is a seasonal business. Much of the Debtor's business involves spraying crops and spraying to eradicate insects. Because of the seasonality of the business, the Debtor's business operations are lower than during the Debtor's busy season. Nonetheless, the Debtor has certain costs and cash needs in order to maintain its Assets and provide for security of its Assets.

8. These cash needs include, but are not limited to, the payment of internet service, insurance, storage charges and certain maintenance expenses. Attached hereto as Exhibit "A" and made a part hereof, is the budget of the Debtor through November 2015. The Debtor may incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals and for Quarterly Fees owed to the Office of the U.S. Trustee. The budget assumes periodic payments to the Bank.

2

9. The Debtor is currently securing bids for its Assets as a going concern. The Debtor believes it will secure at least one, if not more, bids for the purchase of its Assets. In order to maximize the value of the Debtor's Assets, it is believed that it is necessary for the Debtor to maintain its Assets on a going concern basis.

10. Unless the Debtor is allowed to pay its expenses, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors. The Debtor believes that it must also continue to operate so as to properly effectuate collection of its receivables. The Debtor believes that ultimately there will be a distribution to its unsecured creditors.

11. The Debtor has negotiated with the Bank with respect to the use of Cash Collateral and the Bank has consented to such use. A proposed form of Order for the use of Cash Collateral is attached to this Motion. Such Order provides generally that the Debtor is to provide the Bank with a replacement lien of post-Petition collateral and to the extent that there is a diminution in value of the Debtor's Cash Collateral. To the extent that such replacement lien is insufficient and the Bank has a shortfall so as to cause any diminution which results from the Debtor's use of Cash Collateral, the Bank shall be granted an administrative claim superior in priority to all other administrative claims except for claims of professionals in this case and fees owed to the Office of the U.S. Trustee. Such replacement lien shall be effective without further recordation.

12. The Order also sets forth that:

    a. The Debtor will provide notice to the Bank of expenditures;

    b. If the cash on hand of the Debtor is in excess of $50,000.00 on the first or the fifteenth day of any month during the effective date of the Order

3

approve the use of Cash Collateral, the Bank shall be permitted to draw on the Debtor's bank account so that the balance in such account is $50,000.00;

c. The Debtor will provide such reports as are reasonably requested by the Bank, which requirement for the reports may be met by the providing of the Monthly Operating Reports in this case.

d. The Debtor shall maintain its bank accounts during the course of the case at the Bank unless otherwise consented to by the Bank.

**WHEREFORE**, AgAir, LLC the above named Debtor, respectfully requests that this Honorable Court enter an Order:

a. Allowing the Debtor to utilize its cash, receivables, inventory, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

b. Conditioning the Debtor's use of Cash Collateral upon the granting of a replacement lien to York Traditions Bank, as such exists pre-Petition, with such replacement lien to be in post-Petition inventory, receivables and cash to the extent there is any diminution in value of the Bank's collateral position as it may exist pre-Petition, together with an administrative claim to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claim, having priority over all other administrative claims except those of fees owed to professionals in the case and to the Office of the U.S. Trustee.

c. Entering an Order in the form requested by the Debtor.

     d.     Granting the Debtor such other and further relief as is just and proper.

Respectfully submitted:

CUNNINGHAM & CHERNICOFF, P.C.

By: /s/ Robert E. Chernicoff
Robert E. Chernicoff, Esquire
Attorney I.D. No. 23380
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570

Date: December 4, 2014